IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DIANA M. QUEZERGUE )
)
v. ) NO. 3:12-0513
)
ALIVE HOSPICE, et al. )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMENDATION

By Order entered May 23, 2012 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court are motions for summary judgment filed by Defendant Tennessee Rehabilitation Center (Docket Entry No. 35), Defendants Vanguard Health Services, LLC and Imperial Manor Convalescent Center, LLC (Docket Entry No. 41), and Defendant Alive Hospice, Inc. (Docket Entry No. 45).

Although by Order entered February 27, 2013 (Docket Entry No. 48), the Plaintiff was notified of the motions and given a deadline of April 12, 2013, to respond, the Plaintiff has not filed

a response in opposition to the motions.[1]  For the reasons set out below, the Court recommends that the motions be granted.

## I. BACKGROUND

The Plaintiff filed this action pro se and in forma pauperis on May 21, 2012, against the Tennessee Rehabilitation Center ("TRC"), Vanguard Health Services, LLC ("Vanguard"), Imperial Manor Convalescent Center, LLC ("Imperial Manor"),[2] Alive Hospice, Inc. ("Alive Hospice"), and Nursing Resource Solutions ("NRS").  The Plaintiff brought the action under Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), alleging that she is a nurse and was discriminated against because of her race, color, religion, and national origin.  Although the Plaintiff provides four specific dates[3] on which she states that she was discriminated against and states that she is "a 52 year old black female from New Orleans with French and Asian Ancestry (creole culture)," see Complaint (Docket Entry No. 1), at 3, she does not set out clear and specific factual allegations against any of the defendants but merely includes a somewhat rambling string of general allegations.  In one section of her pleading, she states that the defendants discriminated by:

> genetic information (education); harassments, authority abuse; tampering with my application process, genetic testings and information; retaliation in reporting Program

---

[1] The record reflects that the Plaintiff received the February 27, 2013, Order on March 12, 2013.  See Docket Entry No. 50.

[2] Although this defendant was named in the Complaint as "Imperial Gardens," the defendant asserts that its correct name is Imperial Manor Convalescent Center, LLC d/b/a Imperial Gardens Health and Rehabilitation.

[3] December 15, 2011; January 19, 2012; January 29, 2012; and "approx Feb 2, 2012."  See Docket Entry No. 1, at 2.

> Manager; intimidation from staff workers and NRS co-workers; age; appearance, swiftness.

Id. She further recounts the circumstances under which the defendants discriminated against her as follows:

> Employed as an LPN in hopes of earning an honest living in TN. Workers questioned me personally and get angry when I do not answer their personal questions; blamed for misconduct in workplace, violent, and a drug addict; and being an abusive nurse. Threatened; hair texture, speech, and skin color difference among race and culture. Suspicious activities when finding employment or applying for employment; my EEOC case mishandled and not confidential; too old and too slow for some workers.

Id.

All defendants except for NRS were served and filed answers to the Complaint. Through their collective motions for summary judgment, the Defendants provide some clarity to the background of the Plaintiff's Complaint. The Plaintiff is a licensed practical nurse ("LPN") who was employed by NRS in 2011 and 2012. NRS is a staffing agency that provides nurses to TRC and Alive Hospice on a temporary basis. The Plaintiff was assigned by NRS to work at TRC for a total of approximately 38 days between June 2011, and January 2012. She was also assigned to and worked at Alive Hospice on December 15, 2011, but Alice Hospice requested that NRS not assign the Plaintiff to work at Alive Hospice again as was its right under its contract with NRS. The Plaintiff never worked for or was assigned to Vanguard or Imperial Manor but applied for a nursing position with Imperial Manor in January 2012. Although Imperial Manor extended the Plaintiff an offer of employment, the offer was rescinded because the Plaintiff failed a drug screen that was required prior to her beginning her actual employment.

3

The Defendants argue that the Plaintiff cannot prove a prima facie case of employment discrimination against them under Title VII and that, even if she had shown a prima facie case, she cannot prove that the legitimate, nondiscriminatory reason given for the employment actions about which she complains were a pretext for unlawful discrimination. The Defendants support their motions with excerpts from the Plaintiff's deposition, with the Plaintiff's responses to written discovery requests, with the affidavits of the TRC Director of Student Health Services (Docket Entry No. 37) and the TRC Superintendent (Docket Entry No. 38), and with documents related to the Plaintiff's employment.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

# III. ANALYSIS

A. Motions for Summary Judgment

The Court has reviewed the Defendants' motions for summary judgment and supporting evidence and finds that the motions should be granted. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's . . . race ." See 42 U.S.C. § 2000e-2(a)(1). However, federal civil rights laws do "not guarantee a utopian workplace, or even a pleasant one," Vore v. Indiana Bell Tel. Co., Inc., 32 F.3d 1161, 1162 (7th Cir. 1994), and Title VII is not intended to redress general employee dissatisfaction or to remedy every workplace dispute. See White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004), aff'd Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); Barnett v. Department of Veterans Affairs, 153 F.3d 338, 342-43 (6th Cir. 1998), cert. denied, 525 U.S. 1106, 119 S.Ct. 875, 142 L.Ed.2d 775 (1999). The Plaintiff must present evidence upon which a reasonable jury could conclude that she was the victim of purposeful and unlawful discrimination.

The Plaintiff has not identified any direct evidence[4] supporting her claims. In the absence of direct evidence, the Plaintiff's claims are analyzed under the burden-shifting, evidentiary framework for cases based upon circumstantial evidence set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981). Under this framework,

---

[4] Direct evidence is "that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." Jacklyn v. Shering-Plough Healthcare Prods. Sales Corp., 176 F.2d 921, 926 (6th Cir. 1999).

6

if the Plaintiff establishes a prima facie case of discrimination, a rebuttable presumption of unlawful discrimination has been established and the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for the challenged action. Burdine, 450 U.S. at 254-56. Upon the Defendant's offer of a legitimate reason, the burden shifts back to the Plaintiff to demonstrate that the proferred reason is pretextual, masking intentional discrimination. Dews v. A.B. Dick Co., 231 F.3d 1016, 1020-21 (6th Cir. 2000). The ultimate burden of persuasion always remains with the Plaintiff. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 517-18, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Defendants Vanguard and Imperial Manor have set forth evidence that the Plaintiff, like all new employees, was required to undergo a drug screen prior to beginning her employment but that she failed the drug screen and that this failure was the reason the offer of employment was rescinded. See Docket Entry Nos. 43-1, 43-4, and 43-7. Defendant Alive Hospice has set forth evidence that the Plaintiff worked at its facility on a single day and that it requested that the Plaintiff not be assigned to its facility again because of issues that occurred with the Plaintiff that day, specifically, talking on her cell phone and wearing shoe covers instead of shoes. See Docket Entry No. 45-1. Defendant Alive Hospice has also set forth evidence that the Plaintiff, in her charge of discrimination to the EEOC, only complained about these two issues and to being referred to as "hey you" instead of by her name. Id. and Docket Entry No. 45-4. Defendant TRC has set forth evidence of the several incidents recounted by the Plaintiff in discovery which form the basis for her claim of discrimination against TRC. Defendant TRC contends that none of these incidents involve any actual type of tangible employment action, but are merely examples of the Plaintiff's general dissatisfaction with co-workers or the work environment. See Docket Entry No. 36, at 7-8. The Court agrees.

The evidence presented by the Defendants is unrebutted by the Plaintiff. She has not offered any evidence either disputing the Defendants' explanations for the challenged employment actions or otherwise supporting an allegation that she was discriminated by these Defendants in any manner because of her race, color, national origin, or religion. The Plaintiff's failure to provide any evidence in her favor renders her unable to establish a prima facie case of discrimination against Imperial Manor because she has not shown that she was otherwise qualified for the position in question at Imperial Manor[5] or that the position was filled with someone outside the protected class or that similarly situated applicants who were not in the protected class were treated differently than she was treated. See Smith v. Leggett Wire Co., 220 F.3d 752, 762-63 (6th Cir. 2000); Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998). With respect to the claim against Alive Hospice, the Plaintiff has not established a prima facie case because she has not shown that similarly situated employees who were not in the protected class were treated differently than she was treated by Alive Hospice. See Smith, supra; Ercegovich, supra.

The Plaintiff cannot establish a prima facie case against TRC because she has not shown that she suffered an adverse employment action at TRC. An "adverse employment action" is "a materially adverse change in the terms or conditions of employment because of the employer's conduct." Mitchell v. Vanderbilt Univ., 389 F.3d 177, 185 (6th Cir. 2005) (internal quotation omitted). An "adverse employment action" will usually require a change in job position or status that

---

[5] Vanguard and Imperial Manor apparently have some type of business or working relationship but this relationship is not explained by the Defendants or the Plaintiff. Although the Defendants contend that the Plaintiff's job application was with Imperial Manor, it appears that the Plaintiff's claim against Vanguard is essentially the same claim as the claim brought against Imperial Manor and, in the face of the Defendants' motion, the Plaintiff has done nothing to clarify if she actually has a separate claim against Vanguard.

is "more disruptive than a mere inconvenience or an alteration of job responsibilities" and "the Sixth Circuit has consistently held that de minimis employment actions are not materially adverse and, thus, not actionable." Kocsis v. Multi-Care Management, Inc., 97 F.3d 876, 885-86 (6th Cir. 1996) (internal quotation omitted). None of the complaints made by the Plaintiff about TRC rise to the level of an adverse employment action.

Furthermore, in light of the assertions of legitimate, non-discriminatory reasons for the employment decisions at issue that have been made by Defendants Imperial Manor and Alive Hospice, it is the Plaintiff's burden to demonstrate that these proffered reasons were a pretext for unlawful discrimination. See Jones v. Potter, 488 F.3d 397, 406 (6th Cir. 2007); Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 576 (6th Cir. 2003). The Plaintiff has not set forth evidence upon which a jury could reasonably reject the Defendants' explanations. As a result, Defendants Alive Hospice and Imperial Manor are entitled to summary judgment in their favor. See Schoonmaker v. Spartan Graphics Leasing, LLC, 595 F.3d 261, 268 (6th Cir. 2010); Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1083 (6th Cir. 1994).[6]

Although the Court has viewed the evidence before it in the light most favorable to the Plaintiff, when a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting her claims and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477

---

[6] Because the Court finds no evidence in the record to support the Plaintiff's underlying claims of employment discrimination, it is unnecessary to address the argument made by Defendants Alive Hospice and TRC that they are not employers under Title VII for the purposes of the Plaintiffs' claims.

U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). It is not the Court's duty to sift through the record in order to find facts or arguments that support the Plaintiff's case, see United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."), and it is the Plaintiff's responsibility to "identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." Amini v. Oberlin Coll., 440 F.3d 350, 357 (6th Cir. 2006). The Plaintiff has made no effort to satisfy this burden, and no reasonable jury could find in her favor based on the evidence before the Court.

B. Defendant NRS

By Orders entered July 20, 2012 (Docket Entry No. 16), and December 27, 2012 (Docket Entry No. 30), the Plaintiff was advised that process had been returned unexecuted for NRS, that she was responsible for providing an accurate address for NRS, and that NRS might be dismissed if it were not served in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. On January 15, 2013, the Plaintiff provided a new address for NRS. See Docket Entry No. 33. Although process was reissued to NRS at this address on January 16, 2013, see Docket Entry No. 34, there is no indication in the record that NRS has been served with process, has had an appearance entered on its behalf, or has responded to the Complaint in any manner. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, Defendant NRS should be dismissed from the action because it has not been properly served within 120 days of the filing of the action and the Plaintiff has not shown good cause for failing to timely serve this Defendant.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motions for summary judgment filed by Defendant Tennessee Rehabilitation Center (Docket Entry No. 35), Defendants Vanguard Health Services, LLC and Imperial Manor Convalescent Center, LLC (Docket Entry No. 41), and Defendant Alive Hospice, Inc. (Docket Entry No. 45) be GRANTED and these Defendants be DISMISSED WITH PREJUDICE; and

2) Defendant Nursing Resource Solutions be DISMISSED WITHOUT PREJUDICE in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge